UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLEISTON ANDRADE, | Case No. 5:21-cv-00202-FMO-JC |
| Petitioner, | |
| v. | ORDER DENYING PETITION FOR A WRIT OF MANDAMUS AND DISMISSING ACTION WITHOUT PREJUDICE |
| CALIF. DEPT. OF CORR., | |
| Respondent, | |

On January 27, 2021, petitioner Gleiston Andrade, a California prisoner who is proceeding pro se, filed a "Motion Emergency Extraordinary Writ of Mand[a]mus for Adequate Medical Care" ("Petition"). Petitioner requests that this Court issue a writ of mandamus to compel the California Department of Corrections and Rehabilitation (CDCR) to provide him with "a separate evaluation by a[n] outside hospital specialist to determine the level of care required to provide the reasonable level of care ne[ce]ssary to provide proper pain management." (Petition at 3).

Based on the record and the applicable law, the Petition is denied and this action is dismissed without prejudice because this Court does not have jurisdiction to issue a writ of mandamus to compel the CDCR – a non-federal entity – to take

the action requested by plaintiff.

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Federal courts have no jurisdiction or authority to issue mandamus to direct non-federal entities or officials in the performance of their duties. See Clark v. State of Washington, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ."); Fox v. City of Pasadena, 78 F.2d 948 (9th Cir. 1935) (federal district court has no jurisdiction to issue writ of mandamus to compel city officers to perform duties under state law and city charter); Craig v. Koenig, 2020 WL 264338, *2 (N.D. Cal. Jan. 17, 2020) (federal court lacks authority to issue writ of mandamus to compel CDCR or any of its employees to take particular actions because they are state rather than federal actors); Davis v. Pagan, 1996 WL 281581, *1 (N.D. Cal. 1996) ("Federal mandamus may not be used to compel a non-federal actor . . . to perform a duty."); Amisub (PSL), Inc. v. State of Colorado Department of Social Services, 879 F.2d 789, 790 n.2 (10th Cir. 1989) (federal mandamus statute's jurisdictional grant does not apply to state officials/agencies), cert. denied, 496 U.S. 935 (1990); Coniston Corp. v. Village of Hoffman Estates, 844 F.2d 461, 469 (7th Cir. 1988) (federal court had no jurisdiction to issue mandamus against state officials for violating their duties under state law); Cave v. Beame, 433 F. Supp. 172, 175 (E.D.N.Y. 1977) (denying mandamus relief against city/city official as mandamus does not lie against non-federal actors). Accordingly, a petition which seeks a writ of mandamus to compel a non-federal actor to take action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.) (as federal court lacks jurisdiction to issue writ of mandamus to state court, petition for writ of mandamus frivolous to

extent it seeks to compel state court to take or refrain from some action), cert. denied, 498 U.S. 1123 (1991).

Moreover, mandamus is an extraordinary remedy "appropriate only when the [petitioner's] claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt . . . " Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) (citations omitted); see also Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir.1986) (same). Without passing on the merits of the question, the Court observes that it is not "clear and certain" that the CDCR is required to provide petitioner with a medical assessment by an outside hospital.

IT IS THEREFORE ORDERED that the Petition is denied and this action is dismissed without prejudice.[1]

IT IS SO ORDERED.

DATED:   February 4, 2021

_____/s/_____
HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

---

[1] As the claims asserted in the Petition are of a sort that might be presented in a civil rights action, this action is dismissed without prejudice to petitioner's filing of the same.